Heedong Chae (SBN: 263237)
Email: hdchae@ewpat.com
Karen Kim (SBN 297857)
Email: kkim@ewpat.com
**East West Law Group PC**
660 South Figueroa St., Suite 1200
Los Angeles, CA 90017
Phone: 213-387-3630
Fax: 213-863-6332

*Attorneys for Plaintiff,*
*SPIGEN KOREA CO., LTD.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD., a Republic of Korea corporation, | Case No: |
| Plaintiff, | **COMPLAINT FOR DESIGN PATENT INFRINGEMENT** |
| v. | |
| VRS DESIGN, INC., a California corporation; ISPEAKER CO., LTD, a Republic of Korea corporation; VERUS U.S.A., LLC, a California limited liability company; MOBILE LIFE GROUP, INC., a California corporation; DOES 1 though 10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Spigen Korea Co., Ltd., for its complaint for design patent infringement against Defendants VRS Design, Inc., Ispeaker Co., Ltd., Verus U.S.A., LLC, and Mobile Life Group, Inc. (hereinafter, collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## PARTIES

5.     Plaintiff Spigen Korea Co., Ltd. (hereinafter, "Spigen" or "Plaintiff"), is a corporation organized and existing under the laws of Republic of Korea, with its principal place of business at 371-37 Kasandong, STX V-Tower #1709, Geumcheon-gu, Seoul, Republic Of Korea.

6.     Plaintiff is informed and believes, and thereon alleges, that Defendant VRS Design, Inc. ("VRS Design"), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 448 Broadway Drive, Brea, California 92821.

7.     Plaintiff is informed and believes, and thereon alleges that Defendant Ispeaker Co., Ltd. ("Ispeaker"), is a corporation organized and existing under the laws of Republic of Korea, with its place of business at 116-18 Baengma-ro 502beon-gil, Ilsandong-gu, Goyang-si, Gyeonggi-do, 410-843, Republic of Korea.

8.     Plaintiff is informed and believes, and thereon alleges that Defendant Verus U.S.A., LLC ("Verus"), is a limited liability company organized and existing under the laws of California, with its principal place of business at 255 N. Berry Street, Brea, CA 92821.

9.     Plaintiff is informed and believes, and thereon alleges that Defendant Mobile Life Group, Inc. ("MLG") is a corporation organized and existing under the laws of California, with its principal place of business at 315 N. Puente Street, Unit A, Brea, CA 92821.

10.     Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein.  Plaintiff therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## FACTUAL ALLEGATIONS

### A.     The Spigen Design Patents

11.     Since 2004, Spigen has engaged in the development, manufacture, and sale of accessories for personal electronic devices, such as cell phones and smart phones.  Spigen is an innovator and market leader in the cellular phone and smart phone accessory industry.

12.     Spigen has taken extensive measures to protect its innovative designs. In particular, Spigen owns various United States design patents relating to its smart phone case designs.  Relevant to this dispute, Spigen is the owner of all right, title, and interest to each of the United States design patents identified below in Table 1 (the "Spigen Design Patents") since the date each patent duly and legally issued to Spigen.  A copy of each Spigen Design Patent is attached to this Complaint.

| Table 1:  Spigen Design Patents | | |
|---|---|---|
| **U.S. Design Patent Number** | **Issue Date** | **Complaint Exhibit** |
| D780,164 ('164 Patent) | February 28, 2017 | A |
| D780,165 ('165 Patent) | February 28, 2017 | B |
| D772,209 ('209 Patent) | November 22, 2016 | C |

**B.    Defendants' Infringing Activities**

13.    Ispeaker purposely directs its activities of manufacturing to sell a significant number of its products in the United States and the State of California.

14.    Ispeaker previously had sold its products under the brand "Verus" through its subsidiary and exclusive distributor in the United States, Verus U.S.A., LLC.  Ispeaker and Verus were defendants in a patent infringement case previously brought before the court by Spigen.

15.    In 2016, Verus established a new corporation called VRS Design, Inc., and rebranded Verus into VRS Design such that VRS Design is the successor corporation of Verus and the new exclusive distributor in the United States of products manufactured and sold by Ispeaker, under the brand VRS Design.

16.    Upon information and belief, VRS Design is a subsidiary of Ispeaker.

17.    For a period of time, products that depicted the VRS Design brand name were sold by Verus, or the VRS Design and Verus brands were used interchangeably.

18.    The website for VRS Design (www.vrsdesign.com) links to the Korean website for Verus (www.verusshop.co.kr), which lists its company information as that of Ispeaker.

19.    Plaintiff is informed and believes, and thereon alleges, that Ispeaker regularly has contact with VRS Design and that Ispeaker's officers make regular trips to the States of California.  According to VRS Design's website, the Chief Executive

Officer of Ispeaker is also the Chief Executive Officer of VRS Design.

20. According to the OBLIQ website (www.obliqproduct.com), MLG manufactures and sells its products under the brand, OBLIQ.

21. MLG sells its products through, among other venues, eBay.com ("eBay") under the seller name "obliq_inc".

22. A search of eBay revealed that under obliq_inc, in addition to OBLIQ products, MLG sold the Verus products, including but not limited to, the Verus Pound case for iPhone 6/6s. *See* Exhibit D.

23. Currently, Verus products are sold on, at least, the VRS Design website and through the OBLIQ eBay storefront.

24. Defendants have been and/or are directly infringing and/or are inducing infringement of Spigen Design Patents by, without Spigen's permission, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products that violate the Spigen Design Patents, including, by way of example and not limitation, the Verus Pound and the VRS Design Crystal Mixx Series (the "Accused Products"). *See* Exhibit E.

25. Defendants directly infringe the Spigen Design Patents by making, using, selling, offering to sell, and/or importing, by way of example and not limitation, the Accused Products.

26. Defendants have actively induced infringement of the Spigen Design Patents by selling or offering to sell and/or importing the Accused Products to its customers and by marketing and promoting the sales of the Accused Products to customers.

27. Charts 1-3 below demonstrate, by way of example and not limitation, Defendants' infringement by comparing images of the Accused Products with figures from the Spigen Design Patents.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Chart 1:  Images Depicting Infringement of Spigen Design Patent D780,164 by Defendants | |
| --- | --- |
| **D780,164** | **Accused Product** |



FIG. 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 2



FIG. 5



| Chart 2:  Images Depicting Infringement of Spigen Design Patent D780,165 by Defendants ||
|---|---|
| **D780,165** | **Accused Product** |
| FIG. 1  ||

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 2

FIG. 5



| Chart 3:  Images Depicting Infringement of Spigen Design Patent D772,209 by Defendants | |
|---|---|
| **D772,209** | **Accused Product** |
| FIG. 1  | |



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 4



FIG. 9





COMPLAINT FOR PATENT INFRINGEMENT
12

28.     Accordingly, the Accused Products infringe claims of the Spigen Design Patents.

29.     Defendants are and have been well aware of Spigen and Spigen's numerous intellectual property registrations, including the Spigen Design Patents. Defendants' infringement of the Spigen Design Patents has been and continues to be willful and intentional.

## COUNT 1:

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D780,164

30.     Spigen re-alleges each and every allegation set forth in paragraphs 1 through 30 above, inclusive, and incorporates them by reference herein.

31.     Defendants have made, used, sold, offered to sell, and/or imported into the United States, and are still making, using, selling or offering to sell, and/or importing into the United States, smart phone cases having designs that infringe the '164 Patent without Spigen's permission.

32.     Defendants have profited through infringement of the '164 Patent.  As a result of Defendants' unlawful infringement of the '164 Patent, Spigen has suffered and will continue to suffer damages.  Spigen is entitled to recover from Defendants the damages suffered by Spigen as a result of Defendants' unlawful acts.

33.     Defendants' infringement is willful, making this an exceptional case and entitling Spigen to enhanced damages and reasonable attorney's fees and costs.

34.     On information and belief, Defendants intend to continue their unlawful infringing activity, and Spigen continues to and will continue to suffer irreparable harm — for which there is no adequate remedy at law — from such unlawful infringing activity unless Defendants are enjoined by this Court.

## COUNT 2:

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D780,165

35.     Spigen re-alleges each and every allegation set forth in paragraphs 1

through 35 above, inclusive, and incorporates them by reference herein.

36.     Defendants have made, used, sold, offered to sell, and/or imported into the United States, and are still making, using, selling or offering to sell, and/or importing into the United States, smart phone cases having designs that infringe the '165 Patent without Spigen's permission.

37.     Defendants have profited through infringement of the '165 Patent.  As a result of Defendants' unlawful infringement of the '165 Patent, Spigen has suffered and will continue to suffer damages.  Spigen is entitled to recover from Defendants the damages suffered by Spigen as a result of Defendants' unlawful acts.

38.     Defendants' infringement is willful, making this an exceptional case and entitling Spigen to enhanced damages and reasonable attorney's fees and costs.

39.     On information and belief, Defendants intend to continue their unlawful infringing activity, and Spigen continues to and will continue to suffer irreparable harm — for which there is no adequate remedy at law — from such unlawful infringing activity unless Defendants are enjoined by this Court.

### COUNT 3:

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D772,209

40.     Spigen re-alleges each and every allegation set forth in paragraphs 1 through 40 above, inclusive, and incorporates them by reference herein.

41.     Defendants have made, used, sold, offered to sell, and/or imported into the United States, and are still making, using, selling or offering to sell, and/or importing into the United States, smart phone cases having designs that infringe the '209 Patent without Spigen's permission.

42.     Defendants have profited through infringement of the '209 Patent.  As a result of Defendants' unlawful infringement of the '209 Patent, Spigen has suffered and will continue to suffer damages.  Spigen is entitled to recover from Defendants the damages suffered by Spigen as a result of Defendants' unlawful acts.

43.     Defendants' infringement is, on information and belief, willful, making this an exceptional case and entitling Spigen to enhanced damages and reasonable attorney's fees and costs.

44.     On information and belief, Defendants intend to continue their unlawful infringing activity, and Spigen continues to and will continue to suffer irreparable harm — for which there is no adequate remedy at law — from such unlawful infringing activity unless Defendants are enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, SPIGEN prays for relief as follows:

1.     For a judgment declaring that Defendants have infringed the Spigen Design Patents;

2.     For a judgment awarding Spigen compensatory damages as a result of Defendants' infringement of the Spigen Design Patents, together with interest and costs, and in no event less than a reasonable royalty;

3.     For a judgment declaring that Defendants' infringement of the Spigen Design Patents has been willful and deliberate;

4.     For a judgment awarding Spigen treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the Spigen Design Patents;

5.     For a judgment declaring that this case is exceptional and awarding Spigen its expenses, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

6.     For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement; and

7.     For such other and further relief as the Court deems just and proper.

Dated:  June 30, 2017

Respectfully submitted,

East West Law Group

By:  /s/ Heedong Chae
     Heedong Chae
     Karen Kim
     Attorneys for Plaintiff,
     SPIGEN KOREA CO., LTD.

COMPLAINT FOR PATENT INFRINGEMENT

16

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  June 30, 2017                         East West Law Group


                                              By:  /s/ Heedong Chae
                                                   Heedong Chae
                                                   Karen Kim
                                                   Attorneys for Plaintiff
                                                   SPIGEN KOREA CO., LTD.