Stacey H. Wang (SBN 245195)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: 213.896.2400
Fax: 213.896.2450
Email: stacey.wang@hklaw.com

*Attorneys for Defendant*
*VRS Design, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD., a Republic of Korea corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>VRS DESIGN, INC., a California corporation; ISPEAKER CO., LTD., a Republic of Korea corporation; VERUS U.S.A., LLC, a California limited liability company; MOBILE LIFE GROUP, INC., a California corporation; DOES 1 through 10, inclusive,<br><br>    Defendants.<br><hr>VRS DESIGN, INC., a California corporation,<br><br>    Counter Claimants,<br><br>    vs.<br><br>SPIGEN KOREA CO., LTD., a Republic of Korea corporation,<br><br>    Counter Defendant. | Case No: 8:17-cv-01121-JVS-MRW<br>Assigned to: Hon. James V. Selna<br><br>**ANSWER ON BEHALF OF VRS DESIGN, INC. TO PLAINTIFF'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND COUNTERCLAIMS**<br><br>Complaint Filed: June 30, 2017<br><br>**JURY TRIAL DEMANDED** |

VRS Design, Inc. ("VRS Design"), by and through its attorneys, hereby answers the Complaint of Plaintiff Spigen Korea Co., Ltd.'s ("Spigen" or "Plaintiff") as follows:

1. VRS Design admits that Spigen's Complaint purports to be an action for patent infringement.

2. VRS Design admits that the Court has subject matter jurisdiction.

3. VRS Design admits, solely for the purpose of this lawsuit, that the Court has personal jurisdiction over VRS Design. Unless otherwise admitted, denied.

4. Solely for purposes of this litigation, VRS Design does not dispute venue.

5. VRS Design lacks sufficient information to form a belief about the truth of the allegations in paragraph 5, and on that basis, they are denied.

6. VRS Design admits that it is a California corporation. Unless otherwise admitted, the allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are not directed to VRS Design, and on that basis they are denied.

8. The allegations of paragraph 8 are not directed to VRS Design, and on that basis they are denied.

9. The allegations of paragraph 9 are not directed to VRS Design, and on that basis they are denied.

10. The allegations of paragraph 10 are not directed to VRS Design, and on that basis they are denied.

11. VRS Design lacks sufficient information to form a belief about the truth of the allegations in paragraph 11, and on that basis they are denied.

12. VRS Design lacks sufficient information to form a belief about the truth of the allegations in paragraph 12, and on that basis they are denied.

13. The allegations of paragraph 13 are not directed to VRS Design, and on that basis they are denied.

14. The allegations of paragraph 14 are not directed to VRS Design, and on that basis they are denied.

15. VRS Design denies the allegations of paragraph 15.

16. VRS Design admits the allegations in paragraph 16.

17. The allegations in paragraph 17 are vague and indefinite and on that basis are denied.

18. VRS Design admits that the website https://vrsdesign.com includes a link labeled "Shop Korea" that links to the website http://www.versusshop.co.kr/main/index. Unless otherwise admitted, the allegations of paragraph 18 are denied.

19. VRS Design admits that VRS Design has been in contact with iSpeaker. VRS Design admits that the CEO of VRS Design is also the CEO of iSpeaker. Unless otherwise admitted, the allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are not directed to VRS Design, and on that basis they are denied.

21. The allegations of paragraph 21 are not directed to VRS Design, and on that basis they are denied.

22. VRS Design lacks sufficient information to form a belief about the truth of the allegations in paragraph 22, and on that basis they are denied.

23. VRS Design admits that it has sold some products bearing the Verus logo. VRS Design lacks sufficient information to form a belief about the truth of the remainder of the allegations in paragraph 23, and on that basis they are denied.

24. VRS Design denies the allegations of paragraph 24.

25. VRS Design denies the allegations of paragraph 25.

26. VRS Design denies the allegations of paragraph 26.

27. VRS Design denies the allegations of paragraph 27.

28. VRS Design denies the allegations of paragraph 28.

29. VRS Design denies the allegations of paragraph 29.

30. Paragraph 30 includes no additional allegations, and therefore, requires no response.

31. VRS Design denies the allegations of paragraph 31.

32. VRS Design denies the allegations of paragraph 32.

33. VRS Design denies the allegations of paragraph 33.

34. VRS Design denies the allegations of paragraph 34.

35. Paragraph 35 includes no additional allegations, and therefore, requires no response.

36. VRS Design denies the allegations of paragraph 36.

37. VRS Design denies the allegations of paragraph 37.

38. VRS Design denies the allegations of paragraph 38.

39. VRS Design denies the allegations of paragraph 39.

40. Paragraph 40 includes no additional allegations, and therefore, requires no response.

41. VRS Design denies the allegations of paragraph 41.

42. VRS Design denies the allegations of paragraph 42.

43. VRS Design denies the allegations of paragraph 43.

44. VRS Design denies the allegations of paragraph 44.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

**(Non-Infringement of the Patent In Suit)**

1. VRS Design has not infringed (either directly, by contributory infringement, by inducement, jointly, literally, or under the doctrine of equivalents) any valid and/or enforceable claim of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE:
## (Invalidity of the Patent In Suit)

2. One or more claims of the Asserted Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to sections 102, 103, and 171.

## THIRD AFFIRMATIVE DEFENSE:
## (Invalid as Functional)

3. One or more claims of the Asserted Patent is invalid as primarily functional and/or structural rather than ornamental.

## COUNTERCLAIMS

Counterclaim-Plaintiff VRS Design hereby counterclaims against Spigen as follows:

## PARTIES

1. Counterclaim-Plaintiff VRS Design is a California corporation, with its principal place of business at 14251 Firestone Blvd. Suite 110, La Mirada, CA 90638.

2. Counterclaim-Defendant Spigen is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at 371-37 Kasandong, STX V-Tower #1709, Geumcheongu, Seoul, Republic Of Korea.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

5. The Court has personal jurisdiction over Counterclaim-Defendant.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement)

6. VRS Design restates and incorporates by reference the allegations in paragraphs 1-5.

7. An actual case or controversy exists between parties as to whether VRS Design infringes the claims of the Asserted Patents.

8. VRS Design seeks a judicial declaration that it does not infringe and has not infringed the claims of the Asserted Patents.

## COUNT TWO

### (Declaratory Judgment of Invalidity)

9. VRS Design restates and incorporates by reference the allegations in paragraphs 1-8.

10. An actual case or controversy exists between parties as to whether the claims of the Asserted Patents are invalid.

11. VRS Design seeks a judicial declaration that the claims of the Asserted Patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 102, 103, and/or 112.

## COUNT THREE

### (Declaratory Judgment of Invalidity based on Functionality)

12. VRS Design restates and incorporates by reference the allegations in paragraphs 1-11.

13. An actual case or controversy exists between parties as to whether the claims of the Asserted Patents are invalid based on functionality.

14. VRS Design seeks a judicial declaration that the claims of the asserted patents are invalid as primarily functional and/or structural rather than ornamental.

**PRAYER FOR RELIEF**

WHEREFORE, VRS Design respectfully requests that judgment be entered in its favor and against Plaintiff/Counterclaim-Defendant as follows:

    A. Judgment in favor of VRS Design, denying all relief Plaintiff/Counterclaim-Defendant has requested in its Complaint and dismissing its Complaint for patent infringement with prejudice;

    B. A declaration that VRS Design has not infringed;

    C. A declaration that the asserted claims are invalid;

    D. Awarding VRS Design its costs and attorney fees; and

    E. An award in favor of VRS Design of such other further relief as the Court may deem just and proper.

Dated:   August 28, 2017

Respectfully submitted,
HOLLAND & KNIGHT LLP

By: /s/ *Stacey H. Wang*
    Stacey H. Wang
    Attorneys for Defendant VRS Design, Inc.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor, Los Angeles, California 90071.

I caused the foregoing document(s) to be served as follows:

**[X]** (**By Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California's Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system.

> Heedong Chae
> Karen Kim
> East West Law Group PC
> 660 South Figueroa Street Suite 1200
> Los Angeles, CA 90017
> Email: hdchae@ewpat.com
> Email: kkim@ewpat.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on August 28, 2017 at Los Angeles, California.

*/s/ Stacey H. Wang*
Stacey H. Wang

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

PROOF OF SERVICE